Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF

## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

$09CV-244-J$

| United States District Court | District of Wyoming |
|---|---|
| Name: James Floyd Cooper | Docket or Case No.: 27-166 |
| Place of Confinement: Wyoming Honor Farm (Riverton, Wyoming) | Prisoner No.: 22280 |

| | |
|---|---|
| James Floyd Cooper | **Respondent**<br>**Kenneth Keller, Warden, Wyoming Honor Farm**<br><br>v.<br><br>**The Attorney General of the State of WYOMING** |

### PETITION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:
     Laramie County, 1st Judicial District, Cheyenne, Wyoming


     (b) Criminal docket or case number (if you know):
     27-166


2.   (a) Date of the judgment of conviction (if you know):
     February 13, 2003

     (b) Date of sentencing:
     June 20, 2003


3.   Length of sentence:
     Six (6) to Ten (10) years as to Counts II and IV to be served consecutively

4.      In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes    ☐ No

5.      Identify all crimes of which you were convicted and sentenced in this case:
        **Third Degree Sexual Assault and Indecent Liberties with a Minor**

6.      (a)What was your plea? (Check one)
                (1) Not guilty      ☒          (3) Nolo contendere (no contest)  ☐
                (2) Guilty          ☐          (4) Insanity plea                 ☐

        (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge,
        what did you plead guilty to and what did you plead not guilty to?
        I plead not guilty to all four original counts.

        (c) If you went to trial, what kind of trial did you have? (Check one)    ☒ Jury   ☐ Judge only

7.      Did you testify at a pretrial hearing, trial, or a post-trial hearing?       ☒ Yes   ☐ No

8.      Did you appeal from the judgment of conviction?                             ☐ Yes   ☒ No

9.      If you did appeal, answer the following:

        (a) Name of court:

        (b) Docket or case number (if you know):

        (c) Result:

        (d) Date of result (if you know):

        (e) Citation to the case (if you know):

        (f) Grounds raised:

        (g) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes  ☒ No
            If yes, answer the following:
                (1)Docket or case number (if you know):
                (2)Result:
                (3)Date of result (if you know):
                (4)Citation to the case (if you know):

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or
        motions concerning this judgment of conviction in any state court?          ☒ Yes   ☐ No

Page 4

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:
Laramie County, 1st Judicial District, Cheyenne, Wyoming

(2) Docket or case number (if you know):
27-166

(3) Date of filing (if you know):
June 2008

(4) Nature of the proceeding:
Petition for Post Conviction Relief

(5) Grounds raised:
1.  Ineffective Counsel
2.  Evidence was not given at trial (new evidence presented)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☒ No

(7) Result:
Denied with Prejudice

(8) Date of result (if you know):
July 2008

(b)    If you filed any second petition, application, or motion, give the same information:
(1) Name of court:
Laramie County, 1st Judicial District, Cheyenne, Wyoming

(2) Docket or case number (if you know):
27-166

(3) Date of filing (if you know):
July 2008

(4) Nature of the proceeding:
Response to Respondent's Motion to Dismiss Petitioner's Petition for Post Conviction Relief

(5) Grounds raised:
Ineffective Assistance of Counsel

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☒ No

(7) Result:
Denied with Prejudice

Page 5

(8) **Date of result (if you know):**
**July 2008**

(c)   **Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?**
      (1) **First petition:**                          ☒ Yes   ☐ No
      (2) **Second petition:**                         ☒ Yes   ☐ No
      (3) **Third petition:**                          ☐ Yes   ☐ No

(d)   **If you did not appeal to the highest state court having jurisdiction, explain why you did not:**

      **One of the grounds that I raised previously in my *Petition for Post Conviction Relief* was that my counsel did not appeal my conviction even though I specifically asked for an appeal.**

12.   **For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.**

      **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

                          **Please go to Ground One**


            **\*\*\*Please see the attached paperwork concerning the Grounds raised.**

Page 6

**GROUND ONE:**

(a)     Supporting facts (Briefly summarize your claim. You may provide additional argument and
        legal citations in a separate supporting memorandum):

(b)     If you did not exhaust your state remedies on Ground One, explain why:

(c)     Direct Appeal of Ground One:
        (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No
        (2) If you did not raise this issue in your direct appeal, explain why:

(d)     Post-Conviction Proceedings:
        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state
        trial court?                                                   ☐ Yes    ☐ No
        (2) If your answer to Question (d)(1) is "Yes," state:
        Type of motion or petition:

        Name and location of the court where the motion or petition was filed:

        Docket or case number (if you know):
        Date of the court's decision:
        Result (attach a copy of the court's opinion or order, if available):

        (3) Did you receive a hearing on your motion or petition?          ☐ Yes    ☐ No
        (4) Did you appeal from the denial of your motion or petition?      ☐ Yes    ☐ No
        (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes   ☐ No
        (6) If your answer to Question (d)(4) is "Yes," state:
        Name and location of the court where the appeal was filed:

        Docket or case number (if you know):
        Date of the court's decision:
        Result (attach a copy of the court's opinion or order, if available):

        (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
        issue:

(e)     Other Remedies: Describe any other procedures (such as habeas corpus, administrative
        remedies, etc.) that you have used to exhaust your state remedies on Ground One:

Page 7

**GROUND TWO:**

(a)     Supporting facts (Briefly summarize your claim. You may provide additional argument and legal citations in a separate supporting memorandum):

(b)     If you did not exhaust your state remedies on Ground Two, explain why:

(c)     Direct Appeal of Ground Two:
(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No
(2) If you did not raise this issue in your direct appeal, explain why:

(d)     Post-Conviction Proceedings:
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?                                                                    ☐ Yes   ☐ No
(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                     ☐ Yes   ☐ No
(4) Did you appeal from the denial of your motion or petition?             ☐ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

**GROUND THREE:**

    (a)    **Supporting facts (Briefly summarize your claim. You may provide additional argument and legal citations in a separate supporting memorandum):**

    (b)    **If you did not exhaust your state remedies on Ground Three, explain why:**

    (c)    **Direct Appeal of Ground Three:**
        **(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No**
        **(2) If you did not raise this issue in your direct appeal, explain why:**

    (d)    **Post-Conviction Proceedings:**
        **(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**         **☐ Yes ☐ No**
        **(2) If your answer to Question (d)(1) is "Yes," state:**
        **Type of motion or petition:**

        **Name and location of the court where the motion or petition was filed:**

        **Docket or case number (if you know):**
        **Date of the court's decision:**
        **Result (attach a copy of the court's opinion or order, if available):**

        **(3) Did you receive a hearing on your motion or petition?**     **☐ Yes ☐ No**
        **(4) Did you appeal from the denial of your motion or petition?**     **☐ Yes ☐ No**
        **(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No**
        **(6) If your answer to Question (d)(4) is "Yes," state:**
        **Name and location of the court where the appeal was filed:**

        **Docket or case number (if you know):**
        **Date of the court's decision:**
        **Result (attach a copy of the court's opinion or order, if available):**

        **(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

    (e)    **Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:**

Page 9

**GROUND FOUR:**

    **(a)**    **Supporting facts (Briefly summarize your claim. You may provide additional argument and legal citations in a separate supporting memorandum):**

    **(b)**    **If you did not exhaust your state remedies on Ground Four, explain why:**

    **(c)**    **Direct Appeal of Ground Four:**
        **(1)If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No**
        **(2)If you did not raise this issue in your direct appeal, explain why:**

    **(d)**    **Post-Conviction Proceedings:**
        **(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**        **☐ Yes ☐ No**
        **(2) If your answer to Question (d)(1) is "Yes," state:**
        **Type of motion or petition:**

        **Name and location of the court where the motion or petition was filed:**

        **Docket or case number (if you know):**
        **Date of the court's decision:**
        **Result (attach a copy of the court's opinion or order, if available):**

        **(3) Did you receive a hearing on your motion or petition?**        **☐ Yes ☐ No**
        **(4) Did you appeal from the denial of your motion or petition?**        **☐ Yes ☐ No**
        **(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No**
        **(6) If your answer to Question (d)(4) is "Yes," state:**
        **Name and location of the court where the appeal was filed:**

        **Docket or case number (if you know):**
        **Date of the court's decision:**
        **Result (attach a copy of the court's opinion or order, if available):**

        **(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:**

    **(e)**    **Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:**

13.    Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?                                                                    ☒ Yes    ☐ No
If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?                                        ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?                                        ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:
        Donald A. Cole
        219 E. 20th Cheyenne, Wyoming 82001

(b) At arraignment and plea:
        Donald A. Cole
        219 E. 20th Cheyenne, Wyoming 82001

Page 11

(c) At trial:
        **Donald A. Cole**
        **219 E. 20th, Cheyenne, Wyoming 82001**

(d) At sentencing:
        **Donald A. Cole**
        **219 E. 20th, Cheyenne, Wyoming 82001**

(e) On appeal:
        **Pro Se**

(f) In any post-conviction proceeding:
        **Pro se**

(g) On appeal from any ruling against you in a post-conviction proceeding:
        **Pro Se**

17.    **Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?**

        ☐ **Yes** ☒ **No**

    **(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:**

    **(b) Give the date the other sentence was imposed:**

    **(c) Give the length of the other sentence:**

    **(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?**    ☐ **Yes** ☒ **No**

**Please go to Question 18**

Page 12

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

This process has been ongoing prior to the one year deadline. Since I am incarcerated I have filed for In Forma Pauperis and for a copy of my transcripts. I was given leave to file In Forma Pauperis, however, I have not yet received a copy of my transcripts. I feel that these transcripts are important to the grounds that I have raised. The limitations on fling these forms Pro Se prevents me from following up fully and therefore I would like to still be able to raise these issues after the one year deadline.
In addition, a Writ of Habeas Corpus petition was filed by the Petitioner before the one year deadline. The petition was rejected because the Law Library and Inmate Legal Assistant did not have the proper paperwork. This is substantiated by a letter received by the Petitioner on September 3, 2009 from Stephan Harris, Clerk of Court. This letter is also included with this petition.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.§ 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Page 13

Therefore, petitioner asks that the Court grant the following relief:

1. For the information that I have provided and the affidavits that are included to be taken into account.
2. For the second count to be reviewed and subsequently dropped.  Given the new information the sentencing judge may not have ruled in the manner in which he did.
3. Any other relief to which petitioner may be entitled.

_____
**Signature of Attorney (if any)**

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  I further declare under penalty of perjury that this Petition for Writ of Habeas Corpus was placed in the institutional mailing system or deposited with prison officials on  _October 21, 2009_  (month, day, and year).  I attest that first-class postage has been prepaid.

Executed (signed) on  _October 21, 2009_  (date).

_____
**Signature of Petitioner**

James F. Cooper
WHF #
40 Honor Farm Road
Riverton, Wyoming 82501

STATE OF WYOMING    )                          IN THE DISTRICT COURT
                    ) ss.
COUNTY OF LARAMIE   )                          FIRST JUDICIAL DISTRICT


STATE OF WYOMING,             )
                              )
             Plaintiff,       )
                              )
      vs.                     )          Docket No. 27-166
                              )
JAMES F. COOPER,              )
                              )
             Defendant.       )

## PETITION FOR POST-CONVICTION RELIEF

**COMES NOW**, James F. Cooper, Defendant, *pro se*, and pursuant to W.S. § 7-14-101, et seq., hereby moves this Court for post-conviction relief, more specifically set ought herein, due to the below listed violations of his state and federal constitutional rights.  In support of this petition, the defendant states the following:

**A.    UNDERLYING PROCEEDINGS**:

1.    The Defendant was arrested and charged with two counts of Immoral or Indecent Liberties With a Minor, and two counts of 3rd Degree Sexual Assault,  in violation of W.S. § 6-2-304(a)(iii) and § 14-3-105(a), 1977 Republished Edition.

2.    The Defendant went to trial and was convicted of one count of in violation of one count of Immoral or Indecent Liberties With a Minor, and one count of 3rd Degree Sexual Assault, in violation of W.S. § 6-2-304(a)(iii) and § 14-3-105(a), 1977 Republished Edition.

3.    On June 20, 2003 the Defendant was sentenced to two terms of not less than six (6) nor more than ten (10) years in prison, said terms to be served consecutively.  The Defendant was awarded one hundred forty nine (149) days of pre-sentence confinement off his minimum and maximum term.

1

4.    The Defendant advised his trial counsel that he wished to appeal his conviction and sentence and was assured that this would be done. However, inexplicably the Defendant's trial counsel failed to follow through and file a timely notice of appeal.

5.    The Defendant lacks even the most rudimentary training in law, legal research, filing procedures or legal writing and no assistance or adequate forms were available to him at WSP. The Defendant was subsequently transferred out of State to the North Fork Correctional Facility in Oklahoma and was similarly saddled with an inadequate court access system.

5.    On ***, the Defendant filed a Motion For Leave To Proceed In Forma Pauperis And For Free Copy Of Transcripts, so he could (a) prepare this post-conviction petition; or (b) pursue a petition for writ of certiorari seeking the re-instatement of his direct appeal. To date the State has not replied and the Trial Court has refused to rule on that matter.

**B.    STANDARD OF REVIEW**:

1.    Any person serving a felony sentence in a state penal institution who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the constitutions of the United States or of the State of Wyoming, or both, may institute proceedings under this act § 7-14-101(b).

2.    A petitioner seeking post-conviction relief has the burden of showing that he has been denied constitutional safeguards. *Munoz v. Maschner*, 590 P.2d 1352 (Wyo. 1979); *Hoggatt v. State*, 606 P.2d 718 (Wyo. 1980).

3.    Post-conviction relief is an extraordinary authorization to seek relief under circumstances which suggest a Amiscarriage of justice. The substance of a fair trial must be missing in order to justify relief. *Murray v. State*, 776 P.2d 206 (Wyo. 1989); *Johnson v. State*, 592 P.2d 285 (Wyo.), *cert. denied*, 442 U.S. 932, 99 S.Ct. 2864, 61 L.Ed.2d 3090 (1979).

4.    Before a person seeking post-conviction relief is entitled to an evidentiary hearing, he must present initially a substantial claim, and some specificity is required. Application is properly denied without hearing where it states only bald legal conclusions with no supporting factual allegations. *Boggs v. State*, 484 P.2d 711 (Wyo. 1971).

5.    A petition for post-conviction relief has to be supported by affidavits based on something more solid than Ainformation and belief.@ The court was justified in calling upon the petitioner to set out facts under oath to show how he could prove his allegations before granting an

2

evidentiary hearing. *State ex rel. Hopkinson v. District Court*, 698 P.2d 54 (Wyo.), *cert. denied*, 474 U.S. 865, 106 S.Ct. 187, 88 L.Ed.2d 155 (1985).

6.    This section merely permits the court to hold an evidentiary hearing in the event it deems a hearing is necessary; the statute does not require a hearing in every case. An evidentiary hearing is necessary when the court cannot adequately review the issues by relying upon the record alone. *Smizer v. State*, 835 P.2d 334 (Wyo. 1992).

7.  Where there are insufficient factual allegations in support of an application to warrant an evidentiary hearing, it is usually better practice to permit the petitioner to amend his petition than to dismiss it. *Boggs v. State*, 484 P.2d 711 (Wyo. 1971).

## B.    INEFFCTIVE ASSISTANCE OF APPELLATE COUNSEL:

1.    The Defendant made clear to trial counsel his desire to appeal his conviction in this matter. Trial counsel failed to file the required notice of appeal.

### ARGUMENT

2.    In *Evitts v. Lucey*, 469 U.S. 387 (1985), the United States Supreme Court held that:

> "A first appeal as of right therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney. n7. This result is hardly novel. The petitioners in both *Anders v. California*, 386 U.S. 738 (1967), and *Entsminger v. Iowa*, 386 U.S. 748 (1967), claimed that, although represented in name by counsel, they had not received the type of assistance constitutionally required to render the appellate proceeding fair. In both cases, we agreed with the petitioners, holding that counsel=s failure in *Anders* to submit a brief on appeal and counsel's waiver in *Entsminger* of the petitioner=s right to a full transcript rendered the subsequent judgments against the petitioners unconstitutional. n8. In short, the promise of *Douglas* that a criminal defendant has a right to counsel at trial -- would be a futile gesture unless it comprehended the right to an effective assistance of counsel."

2.    The Wyoming Supreme Court has held that a defendant's claim of ineffective assistance of his appellate counsel, for failure to raise the issue of ineffective assistance of his trial counsel, requires that an evidentiary hearing be held to determine whether his trial counsel rendered effective assistance of counsel. *Smizer v. State*, 835 P.2d 334 (Wyo. 1992).

3.    In *Flores-Ortega v. U.S.*, 528 U.S. 470, 484 (2000), the United States Supreme Court held that the failure to consult with a defendant regarding an appeal can constitute ineffective assistance of counsel. In this case, trial counsel consulted with the defendant, but then totally abandoned him. The Defendant was therefore denied any effective assistance of counsel on direct appeal, as his appeal was never filed.

4.      In this case the Defendant was severely prejudiced by his trial counsel's utter abdication of their legal responsibility to file the Defendant's notice of appeal, as was requested, and as they assured him would be done.

**C.    CONSTITUTIONAL VIOLATIONS AT TRIAL COURT:**

I.    *INEFFCTIVE ASSISTANCE OF TRIAL COUNSEL:*

1.      Defendant's trial attorney had a transcribed statement of Lisa Anderson, the alleged victim where she stated that the Defendant tried to talk her out of French kissing at least four times and then that they only touched tongues, there was no penetration.

2.      The Defendant's trial counsel never introduced this statement at trial, nor did he use it for impeachment of the alleged victim. (See attached Affidavit of James F. Cooper).

<u>**ARGUMENT**</u>

3.      The Sixth Amendment and Art. 1, § 10 guarantee a criminal defendant the right to effective assistance of counsel. See *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970) (6th Amendment right to counsel is right to effective assistance of counsel). The right to effective assistance of counsel applies to both appointed and retained counsel. *Cuyler v. Sullivan*, 446 U.S. 335, 344 – 45 (1980).

4.      In *Strickland v. Washington*, 466 U.S. 687 (1984), the United States Supreme Court held that "the purpose of the effective assistance guarantee of the Sixth Amendment is . . . to ensure that criminal defendants receive a fair trial. *Id*. at 689.

5.      In *Strickland*, the Supreme Court established a two-prong test to evaluate ineffective assistance of counsel claims. To obtain reversal of a conviction under the *Strickland* standard, the defendant must prove that counsel's performance fell below an objective standard of reasonableness. *Id*. at 687-88, and that counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome in the proceeding. *Id* at 687.

6.      In this case, where the Defendant claimed he was innocent of these charges, there was no excuse for the failure of trial counsel to introduce the victim's statement or to impeach the victim with this prior inconsistent statement.

7.      This failure is so egregious as to rebut the presumption that trial counsel provided effective assistance of counsel to the Defendant. Counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome in the proceeding.

*II.    BRADY VIOLATION:*

      1.     During trial preparation, a male Prosecuting Attorney interviewed the alleged victim, Lisa Cooper. The victim stated to this Prosecutor that the Defendant "did not do anything to [her]." The victim's mother was present during this interview. (See attached Affidavit of Shirley Anderson).1

      2.     This exculpatory statement was required to be produced on discover pursuant to *Brady v. Maryland*, but the statement was not produced as required.

## ARGUMENT

      3.     In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court held that due process requires the prosecution to disclose evidence favorable to an accused, upon request, when such evidence is material to guilt or punishment.

      4.     Subsequent Supreme Court cases have established that the government's duty under *Brady* arises whether or not a defendant specifically requests the favorable evidence. See *U.S. v. Augurs,* 427 U.S. 97, 107 – 11 (1976).

**D.**     RELIEF SOUGHT:

      **WHEREFORE**, the Defendant prays this Court to

      1.     Assume jurisdiction of this matter;

      2.     Conduct an evidentiary hearing to develop the record on this matter;

      3.     Expedite ruling on this matter.

      4.     Vacate or overturn the Defendant's conviction and sentence; or, in the alternative;

      5.     Order that the Defendant is to receive a new trial; and

      5.     Grant any other relief deemed appropriate.

Dated: June     , 2008

                                   _____

                                   James F. Cooper

                                   Defendant, *Pro Se*

---

1     A non=notarized copy has been forwarded with this Petition. The notarized copy will be provided immediately upon receipt.

## CERTIFICATE OF SERVICE

I, James F. Cooper, Defendant, *pro se*, certify that I served a true and correct copy of the foregoing Post-Conviction Petition on the Plaintiff's counsel on this ___ day of June, 2008 by mailing same, first class, postage prepaid, addressed as follows:

Attorney General
State of Wyoming
123 Capitol Building
Cheyenne, Wyoming 82002


_____
James F. Cooper

James F. Cooper
WHF #
40 Honor Farm Road
Riverton, Wyoming 82501

STATE OF WYOMING   )                 IN THE DISTRICT COURT
                       ) ss.
COUNTY OF LARAMIE  )                FIRST JUDICIAL DISTRICT


| | | |
|---|---|---|
| STATE OF WYOMING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Docket No. 27-166 |
| | ) | |
| JAMES F. COOPER, | ) | |
| | ) | |
| Defendant. | ) | |

## RESPONSE TO RESPONDENT'S MOTION TO DISMISS PETITIONER'S PETITION FOR POST-CONVICTION RELIEF

COMES NOW, James F. Cooper, Defendant, *pro se*, and responds to the above-cited

Respondent's filing as follows:

A.    **INEFFECTIVE ASSISTANCE OF COUNSEL:**

The State asserts the Petitioner cannot raise ineffective assistance of appellate counsel due to

the lack of a direct appeal and further states this was nobody's fault but the petitioner. The Petitioner

has stated in his affidavit that he directed his trial counsel to file a notice of appeal. His trial attorney

failed to follow the Petitioner's instructions.

The cost of his trial attorney divested the Petitioner of his assets. Immediately upon

completion of the trial he was taken into custody and became a ward of the state. The Petitioner

being unschooled in the law and unfamiliar with the felony trial process, assumed his stated desires

regarding an appeal were being complied with. Only later did he learn that his appeal had not been

filed. While in the custody of the State, the Petitioner was not afforded an adequate law library, pre-

prepared legal forms or trained legal assistants as required by *Casey v. Lewis*, 518 U.S. 343 (1996).

The constitution guarantees a criminal defendant the right to effective legal assistance on his

direct appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985). The *Evitts* Court stated:

> "Just as a transcript may by rule or custom be a prerequisite to appellate
> review, the services of a lawyer will for virtually every layman be necessary to
> present an appeal in a form suitable for appellate consideration on the merits. See

1

*Griffin, supra,* at 20. Therefore, *Douglas v. California, supra,* recognized that the principles of *Griffin* required a State that afforded a right of appeal to make that appeal more than a 'meaningless ritual' by supplying an indigent appellant in a criminal case with an attorney. 372 U.S., at 358. *Evitts* at 393.

In this case, the Petitioner was denied his right to effective assistance of counsel, first by his trial attorney's failure to file a notice of appeal and then by the State's failure to afford him any constitutional means by which to seek timely correction and re-instatement of his rights of appeal and effective assistance on appeal. These conditions were not the Petitioner's fault.

## B.    PETITIONER'S ISSUES:

The State is presenting an untenable interpretation of Wyoming's Post-Conviction Statutes, W.S. § 7-14-101, et seq. In the opening paragraph titled :argument," the State argues that "Post-conviction Relief claims cannot be considered if the claims were not previously presented for consideration on direct appeal." (Respondent's motion, p. 3). Essentially, the State is arguing that Wyoming's Post-conviction Statute is meaningless as under the doctrines of *res judicata* and *collateral estoppel,* any issues adjudicated on direct appeal in the State's Supreme Court would be barred from consideration by the district court. The State's narrow reading is incorrect.

The State further misrepresents the Petitioner's issues. The Petitioner was severely handicapped in this matter by the lack of trial transcripts from which to prepare his petition. That matter should shortly be rectified as this Court has granted the Petitioner's request for leave to proceed in forma pauperis and for a free copy of the trial transcripts. The Petitioner has not had "five years to collect all evidence to support his claims" as the State falsely alleged.

The Petitioner has filed an affidavit outlining the constitutional deficiencies of the State DOC court access system he was burdened with, first at WSP, and then when he was transferred out-of-state. The Petitioner has only been able to locate competent legal assistance in the last three months.

What the victim testified to at trial is not dispositive of the Petitioner's *Brady* claim. The Petitioner was entitled to the information the State had, prior to trial, in order to prepare an effective cross-examination. Regardless, the State only addresses one of the Petitioner's claims. The Petitioner has also raised the failure of his trial attorney's to use exculpatory evidence in their possession. The State does not even address that issue in their motion.

2

**C.    RELIEF SOUGHT:**

**WHEREFORE**, the Defendant prays this Court to

1.    Deny the Respondent's motion and allow this matter to proceed;

2.    Conduct an evidentiary hearing to develop the record on this matter; or in the alternative;

3.    Grant Petitioner leave to amend his petition after receipt of the trial transcripts; and

4.    Grant any other relief deemed appropriate.

Dated: July _____, 2008

_____

James F. Cooper

Defendant, *Pro Se*

## CERTIFICATE OF SERVICE

I, James F. Cooper, Defendant, *pro se*, certify that I served a true and correct copy of the foregoing Post-Conviction Petition on the Plaintiff's counsel on this ____ day of July, 2008 by mailing same, first class, postage prepaid, addressed as follows:

Attorney General
State of Wyoming
123 Capitol Building
Cheyenne, Wyoming 82002

_____

James F. Cooper

MERI V. RAMSEY
Assistant Attorney General
Wyoming State Bar # 6-3808
Office of Attorney General; Criminal Division
123 State Capitol Building
Cheyenne, WY 82002
(307) 777-7977 phone
(307) 777-5034 fax

| | | |
|---|---|---|
| STATE OF WYOMING | ) | IN THE DISTRICT COURT |
| | ) ss. | |
| COUNTY OF LARAMIE | ) | FIRST JUDICIAL DISTRICT |

**FILED**

JUL 0 3 2008

GERRIE E. BISHOP
CLERK OF THE DISTRICT COURT

JAMES F. COOPER,                      )
                                                      )
                        Petitioner,         )
                                                      )
          vs.                                      )     Docket No. 27-166
                                                      )     Post Conviction Relief Action
THE STATE OF WYOMING,     )
                                                      )
                        Respondent.       )

---

## RESPONDENT'S MOTION TO DISMISS PETITIONER'S
## *PETITION FOR POST-CONVICTION RELIEF*

---

Respondent, by and through the Office of the Wyoming Attorney General, and

pursuant to WYO. STAT. ANN. § 7-14-103(a)(i), respectfully requests this Court's order

dismissing Petitioner James F. Cooper's *Petition for Post-Conviction Relief.*

**Procedural History**

On May 8, 2002 an Amended Information was filed charging Petitioner with

*Count I* Second Degree Sexual Assault, *Count II* Third Degree Sexual Assault, *Count III*

Immodest, Immoral or Indecent Liberties with a Minor, and *Count IV* Immodest,

Immoral or Indecent Liberties with a Minor. Petitioner entered a plea of not guilty on all

counts and trial was held February 10-13, 2003. Petitioner was subsequently found guilty

of Counts II & IV, and not guilty of Counts I & III.

On June 20, 2003, this Court sentenced Petitioner to a period of incarceration of

not less than six years nor more than ten years each as to Counts II & IV, to be served

consecutive to one another. Petitioner did not file a direct appeal to the Wyoming

Supreme Court.

**Discussion**

Post-conviction relief is governed by WYO. STAT. ANN. §§ 7-14-101 through 108,

with WYO. STAT. ANN.  § 7-14-101(b) specifying that it is available only to remedy

constitutional violations that occurred in the proceedings that resulted in a petitioner's

conviction.  WYO. STAT. ANN.  § 7-14-103(a) and (b) further narrow the category of

claims for which post-conviction relief is available:

a) A claim under this act is procedurally barred and no court has jurisdiction
to decide the claim if the claim:
  i) Could have been raised but was not raised in a direct appeal from the
     proceeding which resulted in the petitioner's conviction;
  ii) Was not raised in the original or an amendment to the original petition
      under this act; or
  iii) Was decided on its merits or on procedural grounds in any previous
       proceeding which has become final.

b) Notwithstanding paragraph (a)(i) of this section, a court may hear a petition
if:
  i) The petitioner sets forth facts supported by affidavits or other credible
     evidence which was not known or reasonably available to him at the
     time of a direct appeal; or
  ii) The court makes a finding that the petitioner was denied constitutionally
      effective assistance of counsel on his direct appeal.

WYO. STAT. ANN. § 7-14-103(a), (b).

Post-conviction relief is statutorily created, and there is no constitutional guarantee

to such a process.  As such it is the Petitioner's burden to show, within the parameters set

by statute and as applied to the facts present in the record, that a constitutional violation

occurred during the proceedings by which Petitioner was convicted.   However, in

applying the pertinent statutes to the present case it is clear Petitioner's claims are

procedurally barred.  Therefore, Respondent is entitled to a dismissal of the Petition in its

entirety.

Petitioner makes three claims in his petition for post-conviction relief.  In his first

argument he alleges ineffective assistance of appellate counsel, while the second

argument relates to ineffective assistance of trial counsel.  The final claim Petitioner

makes is related to whether the tenets of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194

(1963), were violated by the prosecutor for not producing exculpatory statements made

by the victim.

**Argument**

Post-Conviction Relief claims cannot be considered if the claims were not previously presented for consideration on direct appeal. Petitioner did not file a direct appeal of his conviction, and therefore is procedurally barred from presenting his claims for the first time in a Post-Conviction Relief setting. However, Petitioner is attempting to use WYO. STAT. ANN. § 7-14-103(b)(ii) as a portal through which this Court can address his claims. The statute states, "Notwithstanding paragraph (a)(i) of this section, a court may hear a petition if . . . [t]he court makes a finding that the petitioner was denied constitutionally effective assistance of counsel on his direct appeal." He asserts that he informed trial counsel of his desire to file an appeal; however, this request never came to fruition. He therefore makes a leap in logic that because an appeal was never filed, he received ineffective assistance of counsel on appeal. The fatal flaw in Petitioner's argument is that because he did not file an appeal, appellate counsel was never appointed, nor did Petitioner ever retain appellate counsel. Thus, appellate counsel cannot be considered ineffective if none ever existed in the first place.

Wyoming Rule of Appellate Procedure 2.01(a) clearly states, in pertinent part, "[a]n appeal from a trial court to an appellate court shall be taken by filing the notice of appeal with the clerk of the trial court *within 30 days* from entry of the appealable order[.]" [*emphasis added*]. Petitioner appeared before this Court on June 20, 2003 for sentencing, and the *Judgment and Sentence* was filed on July 1, 2003. No notice of appeal was filed by counsel for Petitioner, nor by Petitioner himself, within the thirty days required by the rule. The Court's file reflects no attempt by the Petitioner to request appointment of counsel within the thirty day time period, nor any requests by Petitioner to extend the period for filing his notice of appeal so that he could seek to retain appellate counsel. Not until February 19, 2008, over four and one-half years after his conviction and sentencing, did Petitioner make contact with the Court for leave to proceed *In Forma Pauperis*. It is no one's fault but the Petitioner's that his direct appeal was not filed with the Wyoming Supreme Court. Petitioner cannot now use a Post-Conviction Relief action

to circumvent the direct appeals process. *See* <u>Taylor v. State</u>, 2003 WY 97, ¶ 9, 74 P.3d 1236, 1239 (Wyo. 2003).

Petitioner has also attached a copy of an affidavit signed by himself and submitted another from the mother of the victim, but which is unsigned. It appears Petitioner is attempting to take advantage of the exception enumerated in WYO. STAT. ANN. § 7-14-103(b)(i), which allows the Court to consider a motion for Post-Conviction Relief when "petitioner sets forth facts supported by affidavits or other credible evidence which was not known or reasonably available to him at the time of a direct appeal[.]" As before, this exception is not applicable. Petitioner claims the mother of the victim was present when the victim allegedly told the prosecuting attorney prior to trial that Petitioner "did not do anything to [her]." [See, <u>Affidavit of Shirley Anderson</u>, attachment to Petition]. It is troubling that this affidavit, upon which Petitioner so heavily relies, is currently unsigned by the purported affiant. Petitioner indicates in his Petition that a signed copy will follow upon his receipt of the signed copy. But again, Petitioner has had nearly five years to collect all evidence to support the claims he makes, yet has utterly failed to do so.

Further, the information Petitioner submits for the Court's consideration is not new and previously unknown. Transcripts of the trial proceedings are not available in the record, however comments made by Petitioner's trial counsel at the sentencing hearing clearly indicate this information was known to Petitioner and his counsel at the time of trial. "But if you remember right at trial, [the victim] said, you know, she said that it happened and then she said it didn't happen. And that her mother beat her into it, I guess, changing her story and saying that he didn't do it. Ms. Anderson, Shirley Anderson, the mother denied that." (<u>Sentencing Transcript</u>, June 20, 2003, p. 8). In order for Petitioner to prevail using this avenue he must show the evidence was "not known or reasonably available to him *at the time of a direct appeal.*" WYO. STAT. ANN. § 7-14-103(b)(i). [*emphasis added*]. Trial counsel's comments at sentencing make it very clear that the information upon which Petitioner now relies was well known to Petitioner, not only at

the time of direct appeal, but at trial as well. Therefore, Petitioner's claims cannot be considered under this exception.

**Conclusion**

Petitioner's request for Post-Conviction Relief is barred pursuant to WYO. STAT. ANN. § 7-14-103(a)(i). Further, it does not fall within either of the exceptions set forth in WYO. STAT. ANN. § 7-14-103(b)(i) or (ii), and thus the *Petition for Post Conviction Relief* should be denied in its entirety. Finally, the undersigned counsel for Respondent submits this Court may rule on the matters raised herein, without further proceedings, as all the information relevant to the Court's decision is set forth in the parties' pleadings and/or the trial court record of the proceedings.

Respectfully submitted this ˍ3ˍ day of July, 2008.

Meri V. Ramsey
Assistant Attorney General
Wyoming State Bar #6-3808
Office of the Attorney General, Criminal Division
123 Capitol Building
Cheyenne, WY 82002
(307) 777-7977 phone
(307) 777-5034 fax

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of the foregoing **RESPONDENT'S MOTION TO DISMISS PETITIONER'S *PETITION FOR POST CONVICTION RELIEF***, upon the hereinafter named person by depositing the same in the United States Mail, postage prepaid, this ˍ3ˍ day of July, 2008, addressed as follows:

James F. Cooper
Inmate # 22280
P.O. Box 400
Rawlins, WY 82301

Office of the Attorney General

James Cooper #22280
Wyoming Honor Farm
40 Honor Farm Road
Riverton, Wyoming 82501


STATE OF WYOMING      )                    IN THE DISTRICT COURT
                      ) ss.
COUNTY OF LARAMIE     )                    FIRST JUDICIAL DISTRICT

THE STATE OF WYOMING,            )
                                 )
                Plaintiff,       )
                                 )
        vs.                      )         Docket No. 27-166
                                 )
JAMES F. COOPER,                 )
                                 )
                Defendant.       )


## MOTION FOR EXPEDITED RULING ON THE DEFENDANT'S MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND FOR FREE COPY OF TRANSCRIPTS

**COMES NOW**, James F. Cooper, Defendant, *pro se*, and hereby moves this Court for an expedited ruling on the above-cited motion, for the following reasons:

### RELEVANT AUTHORITY

W.R.C.P. 6(b)1) states in pertinent part: "Unless these rules or an order of the court establish time limitations other than those contained herein, all motions, except (A) motions for enlargement of time, (B) motions made during hearing or trial, (C) motions which may be heard ex parte, and (D) motions described in subdivisions (3) and (4) below, together with supporting affidavits, if any, shall be served at least 10 days before the hearing on the motion. Except as otherwise provided in Rule 59(c), or unless the court by order permits service at some other time, a party affected by the motion may serve a response, together with affidavits, if any, at least three days prior to the hearing on the

motion or within 20 days after service of the motion, whichever is earlier. Unless the court by order

permits service at some other time, the moving party may serve a reply, if any, at least one day prior

to the hearing on the motion or within 15 days after service of the response, whichever is earlier.

Unless the court otherwise orders, any party may serve supplemental memoranda or rebuttal

affidavits at least one day prior to the hearing on the motion."

**STATEMENT OF FACTS**

1.      The Defendant mailed a copy of the above-cited motion to this Court, on February

___, 2008 requesting to be provided a copy of his trial transcripts, at no costs, in order to prepare a

Writ Of Certiorari seeking re-instatement of his right to a direct appeal..

2.      A copy of the motion was properly served on the Plaintiff's attorney on February ___,

2008, in accordance with the pertinent W.R.C.P. 5(b) and were concurrently filed with this Court

pursuant to W.R.C.P. 5(e).  To date, the State has not filed a response, opposition, or argument

against this motion.[1]

3.      This Court should deem the State's failure to reply to a properly filed motion as

confession that the grounds, arguments and facts presented in the Defendant's Motions, are correct,

in accordance with W.R.C.P. 6 case law precedents.

4.      The Defendant's Attorneys failed to process his direct appeal as they had agreed to

do.  The Defendant was unable to process his own appeal at WSP, due to a lack of knowledge of

legal procedures, law, legal writing and legal research, and a restrictive legal access program that

---

1       The Defendant notes this Court has sua sponte "requested" the State to respond to this
motion, after the period of time to respond has elapsed.  The Defendant asserts any such response
will be untimely, unless the State shows sufficient "excusable neglect" and of its own accord
requests an enlargement of time within which to respond.  The Defendant assumes this Court will
afford him the same "courtesy" it is affording the State, should he inadvertently fail to comply

2

utilized a universally repudiated "exact-cite" case law research requirement and a lack of trained legal assistants at that facility (See Attached Affidavit Of James F. Cooper).

5.      The Defendant was further hampered in his attempts to address this matter when he was subsequently transferred to an out-of-state correctional facility, which also did not have adequate Wyoming case law, procedural rules, forms or trained legal assistants. As a result the Defendant only recently learned that he could attempt to re-instate his appeal via a *Writ Of Certiorari.*

6.      The Defendant will be severely hampered in his attempt to raise these issues and restore his direct appeal due to the long passage of time. This Court's delay in making a timely rule on the Defendant's motions increase the risk that the Defendant's attempts will be denied due to the prolonged passage of time from his conviction.

## ARGUMENT

The Defendant has filed a motion raising a prima facie argument that he should be provided a free copy of his trial transcripts in order to try and restore his direct appeal via a *Writ Of Certiorari.* A writ of Certiorari should be granted without hesitation when timely resolution of matters coming to the Supreme Court's attention is of extreme and lasting importance to citizens of the State and may contribute to judicial efficiency. *In Re General Adjudication of All Rights to Use Water in Big Horn River System*, 803 P.2d 51 (Wyo. 1990).   That motion was properly filed and served on the Plaintiff's counsel.  Plaintiff's failed to respond and under the W.R.Cr.P. 6(b), this Court should deem the motion to have been confessed.

---

with any procedural rules in the future.

3

This Court has not yet ruled on this matter.. The Plaintiff is entitled to a timely ruling (within 90 days of filing), so he can either (a) prepare the *Writ of Certioari*; or (b) initiate an expedited appeal should this Court deny his motions.

## PRAYER FOR RELIEF

**WHEREFORE**, the Defendant prays this Court to:

1.    Assume jurisdiction of this matter;

2.    Conduct an evidentiary hearing to develop the record on this matter;

3.    Expedite ruling on this matter.

4.    Grant the Defendant's request for a free copy of his trial transcripts; and

5.    Grant any other relief deemed appropriate.

Dated: May _____, 2008

_____
James F. Cooper

Defendant, *Pro Se*

## CERTIFICATE OF SERVICE

I, James F. Cooper, Defendant, *pro se*, certify that I served a true and correct copy of the foregoing motion on the Plaintiff's counsel on this ____ day of May, 2008 by mailing same, first class, postage prepaid, addressed as follows:

District Attorney
1st Judicial District
310 West 19th Street
Cheyenne, Wyoming 82002

_____
James F. Cooper

4

|  |  |
|---|---|
| v. | ) |
|  | ) |
| JAMES FLOYD COOPER, | ) |
|  | ) |
| Defendant. | ) |

JUN 2 3 2008

GERRIE E. BISHOP
CLERK OF THE DISTRICT COURT

## ORDER GRANTING DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS

THIS MATTER came before the Court upon Defendant's MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND FOR FREE COPY OF TRANSCRIPTS. The Court, being fully advised, FINDS:

James Floyd Cooper ("Defendant") filed his MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND FOR FREE COPY OF TRANSCRIPTS ("Motion") on February 19, 2008. Pursuant to Rule 10.07 of the Wyoming Rules of Appellate Procedure, Defendant filed his Motion along with an affidavit documenting his inability to pay fees and costs.

On May 15, 2008, the Court sent a letter to the State of Wyoming requesting a response to Defendant's Motion. On May 30, 2008, Defendant filed a MOTION FOR EXPEDITED RULING ON THE DEFENDANT'S [MOTION]. The State filed the STATES RESPONSE TO DEFENSE'S MOTION TO PROCEED *IN FORMA PAUPERIS* on May 30, 2008.

The State does not object to the Court allowing Defendant's to proceed *in forma pauperis*; however, it notes the last appealable order in Defendant's case was entered on October 22, 2003.[1] However, on June 18, 2008, Defendant filed a petition for post-conviction relief. The Court finds Defendant's Motion should be granted.

IT IS THEREFORE ORDERED that Defendant's Motion is GRANTED.

Dated this ⟨22⟩ day of ⟨June⟩ 2008.

⟨signature⟩
EDWARD L. GRANT
DISTRICT JUDGE

STATE OF WYOMING COUNTY OF LARAMIE SS: CERTIFICATE
I Gerrie F. Bishop Clerk of the District Court in and for Laramie County,
Wyoming, do hereby certify that the within and foregoing is a full true and
correct copy of the original thereof as the same appears of record a or of me and
in my office and that the same is in full force and effect as of this date
Witness my hand and seal of said court the ⟨23⟩ day of ⟨6⟩ ⟨08⟩
GERRIE L. BISHOP
Clerk of District Court
By ⟨signature⟩
Deputy

cc:    District Attorney

James Cooper # 22280
Wyoming Honor Farm
40 Honor Farm Rd.
Riverton, Wyoming 82501

I hereby certify that I distributed a true and correct copy of the foregoing this _____ day of _____, 2008, as indicated. [M-mail; B-box in Clerk's Office, H-hand delivery; F-facsimile transmission.]

_____
Deputy Clerk/Judicial Assistant

---

[1] The State points out that Defendant would be barred to appeal this order because it would be untimely.

James F. Cooper
WHF # 22280
40 Honor Farm Road
Riverton, Wyoming 82501

| STATE OF WYOMING | ) | IN THE DISTRICT COURT |
|---|---|---|
| COUNTY OF LARAMIE | ) ss. ) | FIRST JUDICIAL DISTRICT |

STATE OF WYOMING,           )
                            )
Plaintiff,                  )
                            )
vs                          )    Docket No. 27-166
                            )
JAMES F. COOPER,            )
                            )
            Defendant.      )

## AFFIDAVIT OF JAMES F. COOPER

James F. Cooper, having been first duly sworn deposes and states:

1.      I am James F. Cooper, and I am the Petitioner in this matter.  I make this affidavit of my own free-will and based on my personal knowledge of the matters herein.

.       2.      During the investigation to prepare for my defense in this matter, my trial attorney had a transcribed statement of Lisa Anderson, the alleged victim wherein she stated that the I had tried to talk her out of french kissing at least four times and then that she and I only touched tongues, there was no penetration.

3.      My trial counsel never introduced this statement at trial, nor did he use it to impeach the alleged victim during cross-examination.

4.      I have since learned that on another occasion the alleged victim, Lisa Anderson, was interviewed by a male Prosecuting Attorney and she told him that "[I] did not do anything to [her]."

5.      The alleged victim's mother, Shirley Anderson, was present at this interview and is signing an affidavit, swearing to these facts.

6.      At no time was this statement, which was evidence of my claimed innocence, given to my trial attorney by the Prosecutor's Office.

7.      At the completion of my trial, I advised my trial counsel that I wished to appeal my conviction and sentence and was assured that this would be done.  However, inexplicably my trial counsel failed to follow through and file a timely notice of appeal.

8.    I lack even the most rudimentary training in law, legal research, filing procedures or legal writing and no assistance or adequate forms were available to me at WSP.

9.    I was subsequently transferred out of State to the North Fork Correctional Facility in Oklahoma and was similarly saddled with an inadequate court access system.

10.    Since being able to find some legal assistance I have tried to proceed without delay. I have filed a Motion For Leave To Proceed In Forma Pauperis And For Free Copy Of Transcripts, so I could (a) prepare this post-conviction petition; or (b) pursue a petition for writ of certiorari seeking the re-instatement of his direct appeal. To date the State has not replied and the Trial Court has yet to rule on that matter.

AFFIANT FURTHER SAYETH NAUGHT.



_____
James F. Cooper


Sworn and subscribed to before me on this $\underline{\phantom{X}}$ day of June, 2008.

. L. Ferguson - Notary Public
County        State of
        Wyoming
Commission Expires February 16, 2010

_____
NOTARY PUBLIC


My commission expires on _____.

James Cooper #22280
Wyoming Honor Farm
40 Honor Farm Road
Riverton, Wyoming 82501


STATE OF WYOMING    )               IN THE DISTRICT COURT
                          ) ss.
COUNTY OF LARAMIE    )               FIRST JUDICIAL
DISTRICT

THE STATE OF WYOMING,       )
                                   )
           Plaintiff,        )
                                   )
    vs.                        )     Docket No. 27-166
                                 )
JAMES F. COOPER,          )
                                 )
          Defendant.      )


## AFFIDAVIT OF JAMES F. COOPER

      James Cooper, having been first duly sworn, deposes and states the following under penalty of perjury:

      1.     I am James Cooper, and I am the Defendant in the above-entitled matter.

      2.     I advised my trial attorneys that I wished to appeal my conviction and was assured that they would file the necessary papers to effect my appeal. I only learned at a later date that no appeal had been filed.

      3.     I have no legal training or knowledge of legal research, writing, or procedures. I was unable to pursue this matter at WSP due to a lack of trained legal assistance or legal forms and a requirement that inmates submit "exact-cite" requests for legal research materials.

4.    I was subsequently moved to an out-of-state facility where I was further hampered in my attempts to pursue this matter due to a lack of trained legal assistance or sufficient Wyoming legal materials.

5.    I only recently learned that I could file a Petition For Writ Of Certiorari seeking re-instatement of my direct appeal. I have proceeded without delay since learning this procedure was available to me.

6.    I require a free copy of all transcripts in the above- captioned criminal matter in order to prepare a Petition For Writ Of Certiorari seeking re-instatement of my right of direct appeal and/or review of the issues presented therein on their merits and to afford the Wyoming Supreme Court adequate review of those issues.

8.    I do not possess the means to obtain a loan to obtain a copy of the transcripts.

9.    There are no adequate alternate devices that would fulfill the same function as the transcripts.

AFFIANT FURTHER SAYETH NAUGHT.


_____
James Cooper


Sworn and subscribed to before me on this ___ day of May, 2008


_____
NOTARY PUBLIC

My commission expires on _____.


2

James F. Cooper
WHF # 22280
40 Honor Farm Road
Riverton, Wyoming 82501

STATE OF WYOMING    )                          IN THE DISTRICT COURT
                    ) ss.
COUNTY OF LARAMIE   )                          FIRST JUDICIAL DISTRICT


STATE OF WYOMING,              )
                               )
Plaintiff,                     )
                               )
vs                             )      Docket No. 27-166
                               )
JAMES F. COOPER,               )
                               )
          Defendant.           )

## AFFIDAVIT OF SHIRLEY ANDERSON

Shirley Anderson, having been first duly sworn deposes and states:

1.    I am Shirley Anderson, and I am the mother of the alleged victim, Lisa Anderson, in this matter. I make this affidavit of my own free-will and based on my personal knowledge of the matters herein.

2.    During the prosecution of this matter, I was present at an interview with a male Prosecuting Attorney, Craig Jones, when my daughter, Lisa Anderson, told the prosecutor that the Defendant, James F. Cooper "did not do anything to [her]."

3.    Based on information and belief, this information that was vital to the Defendant's defense was not given to James F. Cooper's trial attorney by the Prosecutor as required by law.

AFFIANT FURTHER SAYETH NAUGHT.


_____
Shirley Anderson


Sworn and subscribed to before me on this ____ day of July, 2008.


_____
NOTARY PUBLIC

OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
For The District of Wyoming

Stephan Harris
Clerk of Court



Maggie Botkins
Chief Deputy Clerk

September 3, 2009

Mr. James F. Cooper (#22280)
Wyoming Honor Farm
40 Honor Farm Road
Riverton, WY 82501

      Re: 28 USC 2254 Writ of Habeas Corpus Motion

Dear Mr. Cooper:

      Regarding your letter dated August 26, 2009, we have no record of any habeas corpus motions filed on your behalf. If you wish to do so, please complete the attached forms and return them to us for filing.

      Thank you for your cooperation in regards to this manner.

                      Sincerely,

                      STEPHAN HARRIS
                      Clerk of Court

sh/zf

Enclosures: Writ of Habeas Corpus (en blanc), Motion to Proceed In Forma Pauperis (en blanc)

c: file

2120 Capitol Avenue, Room 2131 ◆ Cheyenne, WY 82001      111 South Wolcott, Suite 121 ◆ Casper, WY 82601
(307) 433-2120 ◆ Fax: (307) 433-2152      (307) 232-2620 ◆ Fax: (307) 232-2630
*www.wyd.uscourts.gov*

*Janae Rupert*                                                              *July 7, 2009*
*Student Director*
*Mailing Department 3035*
*1000 E. University Avenue*
*Location 19th Street and Willett Drive*
*Laramie, Wyoming 82071*

*My sentencing in June 2003 in Laramie County, after jury trial, on counts 2 and 4, I was found not guilty, on counts 1 and 3. The lawyer told me that it was on the kissing charges, after the jury trial. In front of the witness the jailer. It was because I admitted in the that I kissed my step daughter in front of her mom and had her kiss her mom and say her prayer before she went to bed. The other was as in the affidavit I am sending you because she is my stepdaughter. She asked me to teach her how to French kiss. After telling her no, at least four times, I agreed and told her to stick out her tongue and we touched tongue.*

*I told my lawyer about this before my trail because he asked me if I would take lie detectors test told him yes on all but that charge he asked why not that charges. I told him it was because I did that and got scared when talking to the arresting officer and wanted to talk to my lawyer. My stepdaughter after my arrest recounted her story and said I did not do anything to her. My lawyer talked to my stepdaughter she said yes that it happened that way; I said it did and he had her say it on the tape recorder. In November 2002 I was offered, a plea bargain too, I omitted to the two kissing charges that I would get probation.*

*I turned it down because at the time I did not think I had done anything wrong. In December 2002, my stepdaughter told the prosecuting attorney, that I did not do anything to her. They then changed prosecuting attorneys in my case. Before trail, all of this was addressed in my motion for Post Conviction Relief. The assistant attorney general sent me a notice to dismissing my Post Conviction Appeal. Because my lawyer did not put in a direct appeal with in forty-five days of my conviction, like I told him too. In addition, he said he would two days later the Assistant Attorney sent me a notice to dismiss the appeal with prejudice that the appeal was.*

*In addition, if you could help me with some kind of a sentence modification my Judge was Edward Grant. He said at sentencing how I do on the first number. This will determine what happens on the second number but he retires in August. (I have had a law clerk help me file a motion for habeas petitions, because of the dead lines you were referring to) What I am asking you to do is help me with getting my trail transcripts from the court reporter. The court said they are not available because there was no appeal.*

*Because I do not believe, a fair man like Judge Grant would have me do consecutive sentences on a Christian religious tradition. That my step dad started when he came into is family's lives. When I was a young boy, I think you for your patience are your time and your help in this matter. In addition, I will provide you with any authorization of my records you may need, if you decide to assist me in this matter.*

*Sincerely,*


*James F. Cooper*